IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WM Mobile Bay Environmental Center, Inc.** \* | |
| \* | |
| Petitioner, \* | 1:17-CV-00073-KD-N |
| V. \* | |
| **The City of Mobile Solid Waste Authority** \* | |
| Respondent \* | |

## RESPONDENT'S MOTION TO DISMISS

Comes now the Respondent, The Solid Waste Disposal Authority of the City of Mobile, Alabama, a public corporation, incorrectly designated in the style of this action as The City of Mobile Solid Waste Authority, and pursuant to Rule 12 of the Federal Rules of Civil Procedure, respectfully requests this Court to dismiss the Petitioner's action based upon the following grounds and supporting brief:

1. This matter should be dismissed pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure based upon the grounds that this Court lacks subject matter jurisdiction to address the Petitioner's claims. Specifically, diversity of citizenship does not exist between the Parties. The Respondent is an Alabama public corporation organized under the laws of the State of Alabama. The Petitioner's principal place of business is located in the State of Alabama.

2. This matter should be dismissed pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure based upon the grounds that the Petitioner has failed to state a

1

claim upon which relief can be granted. Petitioner cannot prove the elements that are required for the imposition of injunctive relief. Petitioner has not, and will not, suffer irreparable harm based upon the acts alleged in the Petition. Petitioner has an adequate remedy for monetary damages in a court of law. There is a likely chance that Petitioner will not prevail on the merits of its case, and the hardship on the Respondent if the injunction was issued would far outweigh the benefit that may accrue to the Petitioner. In fact, the injunctive relief requested by the Petitioner would alter the terms of the contract to the point of altering the contract beyond its intent.

Specifically, Petitioner seeks affirmative injunctive relief based upon a past act that was not a breach, and future speculative acts that only Petitioner alleges constitutes a breach of contract. Such injunctive relief is improper based upon the fact that it is not based upon actions that irreparably harm Petitioner. In other words, Petitioner is not entitled to have this Court issue an order enjoining Respondent from committing actions in the future that are speculatively construed as breach of contract. This type of prospective relief is not a proper ground for the issuance of the injunction in the context of the Parties contractual relationship.

3. The Petitioner's claims for injunctive relief should be dismissed based upon the grounds that the Petitioner has an adequate remedy at law. It is well settled that federal courts are prohibited from granting equitable relief in cases where the Petitioner has an adequate remedy at law. In this case, Petitioner has the availability of an action at law for damages relating to any alleged breach of contract.

4. The Petitioner has failed to comply with Section 1.20 of the Contract made the basis of its Petition which requires the Parties to seek to resolve disputes though

Alternative Dispute Resolution. Accordingly, this Petition should be dismissed for Petitioner's failure to first seek arbitration of its claims.

5. The Contract made the basis of Plaintiff's claim is void and unenforceable based upon the grounds that it is vague, uncertain and indefinite.

6. The Respondent is immune from suit pursuant to the Eleventh Amendment of the United States Constitution.

Wherefore, the premises considered, the Respondent prays that this Court will issue an Order dismissing the Petitioner's action in this cause.

                Respectfully Submitted,

                Attorney for The Solid Waste Disposal
                Authority for the City of Mobile,
                Alabama:

                /s/ Charles L. Miller, Jr.
                Charles L. Miller, Jr. (millc9225)
                Charles L. Miller, Jr. PC
                P.O. Box 2232
                Mobile, Alabama 36652-2232
                (251) 463-5421
                Email: chuck@clmillerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of February, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, and notified all attorneys of record through the system.

                /s/ Charles L. Miller, Jr.
                Charles L. Miller, Jr