IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WM MOBILE BAY ENVIRONMENTAL CENTER, INC., | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 17-073-KD-N |
| THE CITY OF MOBILE SOLID WASTE AUTHORITY, | ) ) ) ) | |
| Respondent. | ) | |

## ORDER

This action is before the Court on the motion to dismiss filed by Respondent The City of Mobile Solid Waste Authority, the response in opposition filed by Petitioner WM Mobile Bay Environmental Center, Inc., Respondent's reply, the Report and Recommendation of the Magistrate Judge, Petitioner's objections, Petitioner's motion to amend the petition for permanent injunction, and Respondent's objection (docs. 8, 9, 11, 12, 13, 15, 17, 18).

A. Report and Recommendation.

After due and proper consideration of the relevant pleadings and the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is adopted as the opinion of this Court.

Accordingly, Respondent's Motion to Dismiss Petitioner's Petition for Permanent Injunction is GRANTED pursuant to Rule 12(b)(6) for failure to state a claim against Respondent.

B. Motion to amend the petition for permanent injunction.[1]

Petitioner moves the Court to allow an amendment to the petition to add Count II, for a permanent injunction for specific performance. Petitioner seeks permanent injunctive relief to require the Respondent to comply with Section 1.32 of the parties' contract and deliver all of the City of Mobile's solid waste to Petitioner's landfill and stop diverting solid waste to another landfill (doc. 13). In the proposed amended petition, Petitioner alleges that it does not have an adequate remedy at law because Respondent's repeated breaches of contract and contempt of this prior Court's rulings would require Petitioner to "continually file lawsuits to recover damages for each one" of Respondent's breaches (doc. 13-1).

Respondent argues that allowing the amendment would be futile. Respondent asserts that the amended petition would be subject to dismissal because Petitioner cannot meet the required elements for injunctive relief. Specifically, that Petitioner has an adequate remedy at law, a breach of contract action, and therefore, cannot show irreparable harm.

In this Circuit, "[l]eave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir.

---

[1] Previously, the Court stayed consideration of the motion to amend pending a decision on the motion to dismiss (doc. 16, order). Accordingly, the stay is lifted.

2

2007). Therefore, a "district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss." *Christman v. Walsh,* 416 Fed.Appx. 841, 844 (11th Cir. 2011).

Although the underlying facts differ as to Count I and Count II in the proposed amended petition, the Court finds the Magistrate Judge's legal analysis with respect to the motion to dismiss Count I, applicable to the motion for leave to amend to add Count II. (Doc. 17) Specifically, as with Count I, Petitioner is unable to establish that it will be irreparably harmed without the equitable relief of a permanent injunction. Petitioner has an adequate remedy at law for the proposed Count II; a breach of contract action where money damages are sufficient to address the alleged wrong. The possibility that Petitioner may have to file multiple breach of contract actions does not persuade the Court that Petitioner has an inadequate remedy at law without an injunction.

Therefore, allowing the amendment would be futile because the amended petition for permanent injunction would be immediately subject to dismissal. Accordingly, the motion to amend the petition is DENIED.

DONE this 1st day of August 2017.

> s/ Kristi K. DuBose
> KRISTI K. DuBOSE
> CHIEF UNITED STATES DISTRICT JUDGE

3